IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KIMSHU CARY ) | |
| PETER W. CARY ) | |
| ) | |
| v. ) | NO. 1-09-0064 |
| ) | JUDGE CAMPBELL |
| THE KROGER COMPANY, INC., et al. ) | |

ORDER

Pending before the Court are Defendant's Motion *in Limine* No. 1 (Docket No. 28), Defendant's Motion *in Limine* No. 2 and Supplemental Motion *in Limine* No. 2 (Docket Nos. 30 and 46, respectively), Defendant's Motion *in Limine* No. 3 and Supplemental Motion *in Limine* No. 3 (Docket Nos. 32 and 48, respectively), Defendant's Motion *in Limine* No. 4 (Docket No. 51), and Plaintiff's First Motion *in Limine* (Docket No. 36). A hearing was held on Monday, November 15, 2010 at 2:30 p.m. The Court rules on the motions as described herein.

Plaintiff's First Motion *in Limine* (Docket No. 36) is GRANTED as UNOPPOSED.

Defendant's Motion *in Limine* No. 1 moves the Court to exclude from evidence and from trial any and all references regarding the painting of the "hump" in the parking lot based upon the fact the painting would be considered a subsequent remedial measure and would therefore be excluded under Rule 407 of the Federal Rules of Evidence. Plaintiff argues evidence of the painting should be allowed (1) as evidence of normal maintenance of the parking lot and not as a subsequent remedial measure, (2) to rebut Defendant's denial of the existence of the "hump," (3) to make it easier for the jury to see the "hump" in question, and (4) to impeach Defendant. Defendant's Motion *in Limine* No. 1 (Docket No. 28) is GRANTED. The painting of the "hump" is excluded as it is evidence of a subsequent remedial measure and is not admissible to prove negligence, culpable

conduct, or a need for a warning.  Fed. R. Evid.. 407.  It is also more prejudicial than probative. Fed. R. Evid. 403.

Defendant's Motion *in Limine* No. 2 (Docket No. 30) was subsequently supplemented in Defendant's Supplemental Motion *in Limine* No. 2 (Docket No. 46).  Both Motions are DENIED for the same reasons noted herein.  Defendant's Motion *in Limine* No. 2 and its supplement  seek to exclude from evidence and from trial the testimony of Patsy Bramlett.  Defendant contends Ms. Bramlett's testimony is not admissible under  Rule 702 of the Federal Rules of Evidence and likewise violates Rule 403 in that any probative value is substantially outweighed by the danger of unfair prejudice.  Defendant argues Ms. Bramlett's opinions have no foundation, are speculative, and the underlying fact and opinions upon which she supports her opinions are without basis or a proper factual foundation.  Plaintiff argues Ms. Bramlett's testimony has a reasonable factual basis and it is for the jury to determine the soundness of her opinions.  The Court finds that Defendant's arguments go to what weight the jury should give Ms. Bramlett's opinions as opposed to its admissibility.  Ms. Bramlett has a sufficient basis for her opinion and thus Defendant's Motion *in Limine* No.2 and Defendant's Supplemental Motion *in Limine* No. 2 (Docket Nos. 30 and 46) are DENIED.

Defendant's Motion *in Limine* No. 3 (Docket No. 32) was subsequently supplemented in Defendant's Supplemental Motion *in Limine* No. 3 (Docket No. 48).  Both Motions are DENIED for the same reasons noted herein.   Defendant's Motion *in Limine* No. 3 and its supplement  seek to exclude from evidence and from trial the testimony of Dr. David Gaw.  Defendant contends Dr. Gaw's  testimony is not admissible under  Rule 702 of the Federal Rules of Evidence and likewise violates Rule 403 in that any probative value is substantially outweighed by the danger of unfair

prejudice. Defendant argues, among other things, that Dr. Gaw's testimony is erroneously based on a misunderstanding of Dr. Davidson's testimony and as such Dr. Gaw's testimony is speculative and lacks foundation. As with Ms. Bramlett, Plaintiff argues weaknesses in the factual basis of an expert witness's testimony bares on the weight of the evidence and not on its admissibility. The Court finds Defendant's arguments go to what weight the jury should give Dr. Gaw's opinions as opposed to its admissibility. Dr. Gaw has a sufficient basis for his opinion and thus Defendant's Motion *in Limine* No.3 and Defendant's Supplemental Motion *in Limine* No. 3 (Docket Nos. 32 and 48) are DENIED.

Defendant's Motion *in Limine* No. 4 seeks to exclude witnesses Kim Reed, Kim Litton and Peggy Prentice for untimeliness of disclosure. The Motion is DENIED. Defendant has not identified a either a witness disclosure or deposition deadline in the case management order and at the time of this order trial remains four weeks away and as such, the disclosures are not untimely. Defendant has leave from the Court to take depositions of Ms. Reed, Ms. Litton and Ms. Prentice prior to trial.

During the hearing an issue arose concerning whether the physician witnesses would testify live or by deposition. The parties have agreed to attempt to resolve the issue amongst themselves, however if the parties are not able to resolve the issue by mutual agreement, they should file briefs for the Court's consideration by Monday, December 6, 2010.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE